IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON JEMAUL KENNEDY, # 307857, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv157-WKW |
| ) | [WO] |
| PHYLLIS J. BILLUPS, *et al.,* ) | |
| ) | |
| Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on state inmate Brandon Jemaul Kennedy's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Kennedy challenges his 2016 Barbour County convictions for manslaughter[1] and attempted assault in the second degree. He was sentenced to 205 months in prison for the manslaughter conviction and 12 months in prison for the attempted-assault conviction. He presents claims of ineffective assistance of counsel. Doc. 1 at 5. The respondents maintain that Kennedy has not exhausted his state-court remedies and that his § 2254 petition should be dismissed without prejudice to allow him to do so. *See* Doc. 8 at 2–4. For the reasons that follow, it is the recommendation of the Magistrate Judge that Kennedy's petition be dismissed without prejudice to allow him to exhaust his state-court remedies.

---

[1] The respondents maintain that the conviction Kennedy challenges is for murder, not manslaughter. Doc. 8 at 1. Information available on alacourt.com indicates that Kennedy was convicted of murder. However, inmate information available on the Alabama Department of Corrections' website, hosted at http://www.doc.state.al.us/InmateHistory.aspx, indicates that Kennedy was convicted of manslaughter. The specific offense of conviction does not impact the instant recommendation.

## I. DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A).  Because Kennedy is "in custody pursuant to the judgment of a State court," he is subject to § 2254's exhaustion requirement. *See Dill v. Holt*, 371 F.3d 1301, 1302–03 (11th Cir. 2004).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Pruitt v. Jones,* 348 F.3d 1355, 1359 (11th Cir. 2003).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt*, 348 F.3d at 1359.

The materials before this court indicate that Kennedy has not yet exhausted his available state-court remedies regarding the claims in his § 2254 petition.  Kennedy's direct

appeal is pending in the Alabama Court of Criminal Appeals. *See* Doc. 8 at 2–3. And the record does not reveal that Kennedy has presented any state court with his allegations of ineffective assistance of counsel, much less pursued a complete round of appellate review of these claims.

Following this court's order directing him to show cause as to why his § 2254 petition should not be dismissed on exhaustion grounds, Kennedy filed a motion for this court to stay any action on his petition pending litigation of his claims in the state courts. Doc. 11. This court denied his motion to stay. Doc. 12. Kennedy does not show good cause for staying action on his § 2254 petition—in lieu of dismissing his petition without prejudice—in light of the pendency of his direct appeal, particularly when he has yet to present the state courts with his claims of ineffective assistance of counsel, which could be raised in a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure filed after conclusion of the direct-review process in the state courts.

Because this court does not deem it appropriate to enter a stay or to rule on Kennedy's federal habeas claims without first allowing him to exhaust his available state-court remedies, *see* 28 U.S.C. § 2254(1)(b)(2), Kennedy's § 2254 petition should be dismissed without prejudice so he can pursue those remedies.

## II. CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Kennedy's 28 U.S.C. § 2254 petition for habeas corpus relief (Doc. 1) be DISMISSED without prejudice because Kennedy has not exhausted his state-court remedies.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **June 19, 2017.** A party must specifically identify the factual findings and legal conclusions in the recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Secs., Inc.,* 667 F.2d 33 (11th Cir. 1982).

DONE on the 5th day of June, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE